UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
PATRICK COLLINS, INC.,                          :
       Plaintiff,                                    :
                                                     :  **ORDER**
v.                                              :
                                                     :  12 CV 2963 (VB)
JOHN DOES 1-7,                                  :
       Defendants.                                   :
----------------------------------------------------------------x

      Plaintiff Patrick Collins, Inc., commenced this action asserting claims for copyright infringement against seven John Doe defendants. Plaintiff has filed a motion for leave to conduct discovery pursuant to Rule 26(d) prior to the Rule 26(f) conference. For the following reasons, the motion is DENIED, and the complaint is DISMISSED sua sponte without prejudice.

      On January 10, 2012, plaintiff submitted an application for copyright registration for a motion picture titled "Best New Starlets 2012." The complaint is silent as to the current status of the application. Plaintiff alleges each defendant participated in a "swarm" to download its copyrighted movie via an internet protocol known as "BitTorrent." Plaintiff further alleges that all seven Doe defendants are based in Westchester County, four obtain their internet services through Optimum Online, and three from Verizon Internet Services.

      Plaintiff seeks discovery at this early juncture so it can identify defendants and serve process upon them. The Court denies plaintiff's request because it has not shown good cause. Specifically, plaintiff has not adequately pleaded a claim for copyright infringement.

      A claim for copyright infringement requires a copyright holder to first register its work before filing suit. 17 U.S.C. § 411(a) ("no civil action for infringement of the copyright in any United States work shall be instituted until preregistration or registration of the copyright claim

1

has been made in accordance with this title"); Reed Elsevier, Inc. v. Muchnick, 130 S. Ct. 1237, 1241 (2010).  In Reed Elsevier, the Supreme Court concluded that registration of a copyright is not a jurisdictional requirement, but rather "imposes a type of precondition to suit." Id., 130 S. Ct. at 1247.

Although the Court of Appeals has not spoken on this issue, district courts in this Circuit have held that a pending application for registration does not satisfy the registration precondition of Section 411(a).  See In re BitTorrent Adult Film Copyright Infringement Cases, 2012 U.S. Dist. LEXIS 61447, at *20 (E.D.N.Y. May 1, 2012) (Brown, M.J.) (Order & Report & Recommendation); Muench Photography, Inc. v. Houghton Mifflin Harcourt Publ. Co., 2012 U.S. Dist. LEXIS 42791, at *5-6 (S.D.N.Y. Mar. 26, 2012); K-Beech, Inc. v. Doe, 2010 U.S. Dist. LEXIS 143728, at *3-5 (E.D.N.Y. Sept. 19, 2010); DO Denim, LLC v. Fried Denim, Inc., 634 F. Supp. 2d 403, 406 (S.D.N.Y, 2009) (mere filing of a copyright application itself does not fulfill the § 411(a) requirement); DMBJ Prods. v. TMZ TV, 2009 U.S. Dist. LEXIS 70824, at *2 (S.D.N.Y. Aug. 11, 2009); Greene v. Columbia Records/Sony Music Entm't, Inc., 2005 U.S. Dist. LEXIS 3062, at *3 (S.D.N.Y. Mar. 1, 2005).  See also Reed Elsevier, Inc. v. Muchnick, 130 S. Ct. at 1249 ("We . . . decline to address whether § 411(a)'s registration requirement is a mandatory precondition to suit that . . . district courts may or should enforce sua sponte by dismissing copyright infringement claims involving unregistered works.").

Despite this open question, the Court believes sua sponte dismissal of these copyright claims is appropriate.  Plaintiff cannot prosecute these claims without completing service.  It cannot complete service on the Doe defendants without leave of the Court.  The Court cannot grant leave without good cause.  Plaintiff cannot establish good cause without demonstrating a prima facie case of copyright infringement.  And plaintiff cannot demonstrate a prima facie case

of infringement without first alleging that it holds a valid copyright, has properly registered the copyright, or its application for a copyright was refused by the Copyright Office. See 17 U.S.C. § 411(a); see also K-Beech, Inc. v. Doe, 2010 U.S. Dist. LEXIS 143728 (denying leave to conduct discovery before Rule 26(f) conference because plaintiff had only pleaded it applied for a copyright). Therefore, these claims are DISMISSED without prejudice.

In addition, in its complaint, plaintiff asserts claims under the Lanham Act for violations of its trademark. Plaintiff alleges, in conclusory terms, that defendants' actions are likely to cause confusion and deception to consumers and that plaintiff's damages continue to accrue. There are no factual allegations to support any conclusion related to a trademark violation. Plaintiff's allegations are deficient under the standard set forth in Ashcroft v. Iqbal, 556 U.S. 662, 648 (2009), because they consist solely of "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." See In re BitTorrent Adult Film Copyright Infringement Cases, 2012 U.S. Dist. LEXIS 61447, at *21 (stating similar allegations "fail to state a claim" and recommending dismissal); Patrick Collins, Inc. v. Doe, 2011 U.S. Dist. LEXIS 149753, at *13-14 (E.D. Pa. Dec. 30, 2011) (discussing similar allegations and denying request for discovery based on the allegations). Accordingly, plaintiff's trademark claims are DISMISSED without prejudice.

The Clerk is instructed to terminate the pending motion (Doc. #3) and to close this case.

Dated: May 24, 2012
       White Plains, New York

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge